QUINN EMANUEL URQUHART &
SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Ryan S. Goldstein (Bar No. 208444)
ryangoldstein@quinnemanuel.com
Brian E. Mack (Bar No. 275086)
brianmack@quinnemanuel.com
Jonathan Tse (Bar No. 305486)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Phone:      (415) 875-6600
Fax:      (415) 875-6700

*Attorneys for Cloud Byte LLC &
Quinn Emanuel Urquhart & Sullivan, LLP*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Subpoena to<br>QUINN EMANUEL URQUHART<br>& SULLIVAN, LLP<br><br><u>Out of District Case:</u><br><br>CLOUD BYTE LLC<br><br>            Plaintiff,<br><br>      vs.<br><br>DELL INC. and DELL<br>TECHNOLOGIES, INC.,<br><br>Defendants. | Misc. Case No. 3:25-mc-80048<br><br>[E.D. Tex. Case No. 2:24-cv-637-JRG]<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH OUT OF DISTRICT SUBPOENA, OR IN THE ALTERNATIVE, TRANSFER TO THE EASTERN DISTRICT OF TEXAS**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>Judge: TBD |

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION ...........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES..........................................2

I.     STATEMENT OF ISSUES TO BE DECIDED ...........................................2

II.    INTRODUCTION ........................................................................................2

III.   BACKGROUND .........................................................................................3

IV.   JURISDICTIONAL STATEMENT ............................................................7

V.    LEGAL STANDARD..................................................................................8

VI.   ARGUMENT.............................................................................................10

     A.    The Court Should Transfer This Motion to the Eastern District of Texas ..............................................................................................10

     B.    Dell's Subpoena Is Improperly Directed to Outside Counsel ..............11

     C.    Dell's Subpoena Seeks Almost Exclusively Protected Information ..................................................................................................15

     D.    Dell's Subpoena Imposes An Undue Burden On Non-Party Quinn Emanuel..............................................................................................17

     E.    Dell Failed To Provide Quinn Emanuel Its Required Witness Fee ......21

VII.  CONCLUSION .........................................................................................21

-i-         Misc. Case No. 3:25-mc-80048

NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### <u>Cases</u>

*Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*,
  313 F.R.D. 39 (N.D. Tex. 2015)....................................................................18

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  300 F.R.D. 406 (C.D. Cal. 2014) .....................................................................8

*ARAMARK Corr. Servs., LLC v. Cty. of Cook*,
  2012 WL 3792225 (D.S.D. Aug. 31, 2012)......................................................21

*Burns v. Bank of Am.*,
  2007 WL 1589437 (S.D.N.Y. June 4, 2007) ....................................................14

*Cavanaugh v. Cty. of San Diego*,
  2020 WL 8838163 (S.D. Cal. June 18, 2020)....................................................17

*Cloud Byte LLC v. Dell Inc. et al.*,
  No. 2:24-cv-00637-JRG (E.D. Tex.) ............................................................1,3

*Convolve, Inc. v. Dell, Inc.*,
  2011 WL 1766486 (N.D. Cal. May 9, 2011) ....................................................14

*Coulter v. Murrel*,
  2011 WL 666894 (S.D. Cal. Feb. 14, 2011) ...........................................8, 9, 18

*Cusumano v. Microsoft Corp.*,
  162 F.3d 708 (1st Cir. 1998) ...........................................................................8

*Duong v. Groundhog Enters., Inc.*,
  No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939 (C.D. Cal. Feb.
  28, 2020)...........................................................................................9, 10, 19

*Exxon Shipping Co. v. U.S. Dep't of Interior*,
  34 F.3d 774 (9th Cir. 1994)............................................................................17

*Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*,
  219 F.R.D. 396 (E.D. Tex. 2003) ...................................................................16

*Fleet Connect Sols. LLC v. Waste Connections US, Inc.*,
  No. 2:21-CV-00365-JRG, 2022 WL 2805132 (E.D. Tex. June 29,
  2022) .............................................................................................................15

*In re Google LLC*,
    2024 WL 217842 (N.D. Cal. Jan. 19, 2024) ............................................. 10, 11

*High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*,
    161 F.R.D. 86 (N.D. Cal. 1995) ...................................................................... 8

*Manookian v. Mervis*,
    2017 WL 3457063 (E.D. Tex. Aug. 11, 2017) ............................................ 20

*Maplebear Inc. v. Uber Techs., Inc.*,
    2021 WL 1845535 (N.D. Cal. Mar. 23, 2021) ......................................... 8, 9

*Monster Energy Co. v. Vital Pharm., Inc.*,
    2020 WL 2405295 (N.D. Cal. Mar. 10, 2020) ........................................ 12, 13

*Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*,
    301 F.R.D. 426 (N.D. Cal. 2014) ................................................................ 10

*Moon v. SCP Pool Corp.*,
    232 F.R.D. 633 (C.D. Cal. 2005) ........................................................... 14, 20

*Nguyen v. Excel Corp.*,
    197 F.3d 200 (5th Cir. 1999) ................................................................... 9, 11

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007) ................................................................ 14

*Optrics Inc. v. Barracuda Networks Inc.*,
    2019 WL 5539968 (N.D. Cal. Oct. 25, 2019) ........................................... 9, 11

*Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*,
    2018 WL 5636160 (E.D. Tex. Oct. 30, 2018) ............................................ 19

*In re Regents of Univ. of Cal.*,
    101 F.3d 1386 (Fed. Cir. 1996) .................................................................. 17

*Richards v. Lufkin Indus., LLC*,
    2017 WL 11471788 (E.D. Tex. Jan. 23, 2017) .......................................... 15

*Rodriguez v. Seabreeze Jetlev LLC*,
    620 F.Supp.3d 1009 (N.D. Cal. 2022) ....................................................... 17

*Scrum All. Inc. v. Scrum, Inc.*,
    No. 4:20-CV-00227, 2020 WL 6559625 (E.D. Tex. Nov. 9, 2020) .. 9, 18, 19, 20

Misc. Case No. 3:25-mc-80048
NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH

*Serenity Invs. LLC v. Sun Hung Kai Strategic Capital Ltd.*,
    2024 WL 517870 (N.D. Cal. Feb. 9, 2024) ......................................................13

*Shelton v. Am. Motors Corp.*,
    805 F.2d 1323 (8th Cir. 1986)..............................................................................11

*Silver v. BA Sports Nutrition, LLC*,
    2020 WL 6342939 (N.D. Cal. Oct. 29, 2020).........................................9, 11, 12

*Tech Pharm. Servs., LLC v. Alixa Rx LLC*,
    2017 WL 2901716 (E.D. Tex. Jan. 6, 2017)..................................................9, 11

*Theriot v. Par. of Jefferson*,
    185 F.3d 477 (5th Cir. 1999).................................................................................18

*Tinnus Enters., LLC v. Telebrands Corp.*,
    2018 WL 11351326 (E.D. Tex. Dec. 17, 2018)...................................................18

*United States v. Ocwen Loan Servicing, LLC*,
    No. 4:12-CV-543, 2016 WL 1031157 (E.D. Tex. Mar. 15, 2016) ....................16

*Wiwa v. Royal Dutch Petroleum Co.*,
    392 F.3d 813 (5th Cir. 2004)...............................................................8, 9, 20

*Youtoo Techs., LLC v. Twitter, Inc.*,
    2017 WL 431751 (N.D. Cal. Feb. 1, 2017) ........................................................10

*Zhu v. Li*,
    2021 WL 3910720 (N.D. Cal. Sept. 1, 2021) ...............................................11, 12

## Statutes

28 U.S.C. § 1821(b).................................................................................................21

## Other Authorities

ABA Formal Opinion 473 (Feb. 17, 2016)..............................................................14

ABA Model Rule 1.6 ..........................................................................................13, 14

Fed. R. Civ. P. 26....................................................................................9, 10, 18

Fed. R. Civ. P. 34..............................................................................................10, 14

Fed. R. Civ. P. 45..................................................................................*passim*

1

## <u>NOTICE OF MOTION</u>

2        **PLEASE TAKE NOTICE** that, at a time and before a judge to be determined

3   by the Clerk of the United States District Court for the Northern District of California,

4   Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") will, and hereby does,

5   move the Court for an order pursuant to Federal Rule of Civil Procedure 45(f)

6   transferring this Motion to the court issuing the subpoena *ad testificandum* served on

7   non-party Quinn Emanuel ("Subpoena") by Dell Inc. and Dell Technologies, Inc.

8   (collectively, Dell") in the matter of *Cloud Byte LLC v. Dell Inc. et al.*, No. 2:24-cv-

9   00637-JRG (E.D. Tex.); or in the alternative, an order pursuant to Federal Rule of

10  Civil Procedure 45(d)(1) and 45(d)(3) quashing the Subpoena.

11       This Motion is made pursuant to Federal Rule of Civil Procedure 45(f) on the

12  ground that transfer of this Motion to the court issuing the Subpoena is in the interests

13  of judicial economy and efficiency, and Quinn Emanuel consents to the transfer.  In

14  the alternative, this Motion is made pursuant to Federal Rules of Civil Procedure

15  45(d)(1) and 45(d)(3) on the grounds that (1) the Subpoena to outside counsel is

16  improper when there are other avenues to obtain the discovery directly from a named

17  party to the underlying litigation or from other parties more closely connected to the

18  discovery; (2) the information sought in the Subpoena is almost entirely privileged or

19  otherwise protected; (3) the Subpoena is overbroad and would impose an undue

20  burden on Quinn Emanuel, a non-party to the underlying litigation; and (4) the

21  Subpoena fails to provide Quinn Emanuel the required witness fee.

22       This motion is based upon this Notice of Motion and Memorandum of Points

23  and Authorities; the Declaration of Brian Mack and exhibits thereto; all matters with

24  respect to which this Court may take judicial notice; and such oral and documentary

25  evidence as may be presented to the Court.

26

27

28

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.    STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should transfer this Motion to the Eastern District of Texas, the court of issuance of the Subpoena, given that Quinn Emanuel, the target of the Subpoena, consents to transfer, and transfer is in the interests of judicial economy and efficiency.  In the alternative, whether the Court should quash the Subpoena issued to Quinn Emanuel because (1) the Subpoena is improperly directed to outside counsel rather than the parties most closely connected to the discovery, (2) the information sought is exclusively or almost exclusively privileged or otherwise protected, (3) the Topics are overbroad and would impose an undue burden on non-party Quinn Emanuel, and (4) the Subpoena failed to provide the required witness fee.

### II.    INTRODUCTION

This Motion should be transferred to the court issuing Dell's Subpoena, the Eastern District of Texas, in the interest of judicial economy and efficiency, given that court's familiarity with the underlying litigation filed by Cloud Byte against Dell and the circumstances surrounding the case.  Fed. R. Civ. P. 45(f).  Quinn Emanuel consents to such transfer and would not oppose the Subpoena based on jurisdiction or venue.

In the event this Court does not transfer this Motion, it should quash the Subpoena because it is an improper attempt to circumvent normal discovery channels by targeting opposing counsel directly.  Rather than pursue discovery through the parties to the litigation or the third parties who actually possess the requested information, Dell has served a burdensome Subpoena on Quinn Emanuel, Cloud Byte's outside counsel, seeking testimony on 23 sweeping topics of examination ("Topics").  These Topics either (1) seek information more properly obtained from Cloud Byte, a party to the underlying action, or the prior owners of the patents at issue, NEC and IP Wave, or (2) demand testimony about privileged communications and attorney work product.  The Subpoena should be quashed because it imposes an

1  undue burden on outside counsel and primarily seeks protected information that Dell
2  has no right to obtain.

3  ### III.    BACKGROUND

4       Quinn Emanuel's role in the underlying matter is strictly as outside counsel.
5  The firm represents Plaintiff Cloud Byte in the underlying patent litigation filed on
6  August 5, 2024 in the Eastern District of Texas. *Cloud Byte LLC v. Dell Inc. et al.*,
7  No. 2:24-cv-637-JRG (E.D. Tex.).  In that case, Cloud Byte alleges infringement by
8  Dell of seven patents (the "Asserted Patents").  *See id.*, Dkt. 1, Compl. (Aug. 5, 2024).
9  The Asserted Patents were previously owned by third parties NEC Corporation, NEC
10 Asia Pacific Pte Ltd. ("NEC Asia," collectively "NEC"), and IP Wave Pte Ltd. ("IP
11 Wave").  Cloud Byte is now the sole assignee of the Asserted Patents.  At various
12 earlier times, Quinn Emanuel has represented non-party NEC Corporation, but not in
13 connection with the present litigation.

14      During a meet and confer on January 15, 2025, Dell stated its belief that Cloud
15 Byte's productions and responses relating to its Requests for Production and
16 Interrogatories were deficient.  Mack Decl. Ex. B (email dated January 16 at
17 7:33AM).  To this end, Dell then demanded that Cloud Byte obtain documents from
18 NEC and IP Wave even though Cloud Byte did not have possession, custody, or
19 control of those documents.  *Id.* (emails dated January 16 at 7:33 AM and 10:40 AM).
20 Further, however, Dell alleged that *Quinn Emanuel* may have documents and
21 communications about NEC and IP Wave responsive to its discovery requests on
22 Cloud Byte, and that Dell is somehow entitled to these documents and
23 communications even though they are not within Cloud Byte's possession, custody,
24 or control.  *Id.* (email dated January 16 at 10:40 AM).  Quinn Emanuel responded that
25 any responsive documents in its possession, custody, or control, to the extent they
26 exist, would be privileged or otherwise protected from disclosure.  *Id.* (emails dated
27 January 22 and January 28 at 12:59 AM).  In response, Dell could not explain why it
28 did not simply obtain such documents directly from NEC or IP Wave, other than a

bare assertion that it should not need to.  *Id.* (correspondence between January 16 and January 28).

On January 29, 2025, Dell issued subpoenas directly to Quinn Emanuel to produce documents and to offer deposition testimony.  The sweeping Topics in the Subpoena that Quinn Emanuel seeks to quash are directed to:

1.  The business record and authenticity foundation for each item produced in response to the document requests listed in the subpoena for documents served concurrently herewith.

2.  A description of each document produced in response to the document requests listed in the subpoena for documents served concurrently herewith, including any information necessary to interpret the data or content contained in each document produced.

3.  Any Licenses or Agreements relating to the ownership, chain of title, transfer, sale, and/or assignment of the Asserted Patents.

4.  Any Licenses or Agreements relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation.

5.  Any Documents and Communications exchanged between and among You, on the one hand, and NEC and/or IP Wave, on the other hand, relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation.

6.  Any Documents and Communications exchanged between and among Cloud Byte, on the one hand, and NEC and/or IP Wave, on the other hand, relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation.

7.  Any Documents and Communications exchanged between You and any attorney representing IP Wave and/or NEC relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation.

8.  Any Licenses and/or Agreements (whether consummated or not) and Communications related thereto, between and among any of the following entities (or any subset thereof) relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation: You, NEC, IP Wave, and Cloud Byte.

9.  Any Documents and Communications relating to the Asserted Patents and/or Related Patents and Applications and/or This Litigation (whether authored by You, Cloud Byte, or any other Person) that were shared with NEC and or/IP Wave.

10. Any Documents and Communications concerning or containing any of NEC's and/or IP Wave's analyses of the strength of any of the Asserted Patents and/or Related Patents and Applications, including analyses or discussions of any perceived defenses that could be raised in the assertion of those patents, and including but not limited to, any such analyses prepared in connection with the negotiation of any agreements assigning the Asserted Patents and/or Related Patents and Applications.

11. Any Documents and Communications concerning or containing any of NEC's and/or IP Wave's analyses or discussions of the strength of a potential patent infringement case against Dell asserting the Asserted Patents, including but not limited to any such analyses prepared in connection with the negotiation of any agreements assigning the Asserted Patents and/or Related Patents and Applications.

12. Any Documents and Communications concerning or containing any of NEC's and/or IP Wave's appraisal or valuation of any patent, license, royalty, technology transfer, or authorization-to-use agreement that relates to any of the Asserted Patents, Related Patents, and Applications, or any patents that name any of the Named Inventors, or portfolio

containing any Asserted Patent and/or any patents that name any of the Inventors, including appraisals or valuations performed for tax purposes.

13. The nature of the relationship between and among You, NEC, and/or IP Wave and the nature of each entities' business operations.

14. Your knowledge of the acquisition and transfer of the Asserted Patents and/or Related Patents and Applications from NEC to IP Wave to Cloud Byte, including any Agreements and payments relating thereto.

15. Any direct or indirect interest of You, NEC, and/or IP Wave in the Asserted Patents and/or Related Patents and Applications or This Litigation, including but not limited to a financial interest or ownership interest.

16. All Persons of which You are aware that have a direct or indirect financial interest in the outcome of this Litigation and the nature of that financial interest, including any anticipated and/or agreed distribution of settlement or license payments and/or damage awards to any such Person.

17. Your knowledge of any NEC entity's role in and authority to make litigation decisions, including selecting which patents to enforce in litigation, filing patent infringement lawsuits, settling any litigation involving the Asserted Patents, and otherwise resolving any litigation involving the Asserted Patents.

18. Your knowledge of IP Wave's role in and authority to make litigation decisions, including selecting which patents to enforce in litigation, filing patent infringement lawsuits, settling any litigation involving the Asserted Patents, and otherwise resolving any litigation involving the Asserted Patents.

19. Your knowledge of any efforts by NEC and/or IP Wave to enforce or license any rights in or to the Asserted Patents and/or Related Patents

and Applications or any portfolio containing the Asserted Patents and/or Related Patents and Applications.

20. Your knowledge of any NEC and/or IP Wave analysis or Communications regarding any past or potential encumbrances on the Asserted Patents and/or Related Patents and Applications.

21. Your knowledge of any NEC and/or IP Wave studies, surveys, or other analysis concerning the frequency of use of the invention(s) claimed in the Asserted Claims.

22. Your knowledge of any NEC and/or IP wave studies, surveys, or other analysis concerning the value consumers place on the use of the invention(s) claimed in the Asserted Claims.

23. Communications or Documents exchanged between You and any Person or Entity having a current or prior financial, ownership, economic, or other interest in any of the Asserted Patents and/or Related Patents and Applications or in any portfolio containing any of the Asserted Patents and/or Related Patents and Applications.

Mack Decl. Ex. A, Attachment B.

## IV.    JURISDICTIONAL STATEMENT

The Subpoena was issued by the United States District Court for the Eastern District of Texas and calls for testimony in San Francisco, California. Pursuant to Federal Rule of Civil Procedure 45(d)(3), this Court is the court of compliance and has jurisdiction over non-party Quinn Emanuel's motion to quash the Subpoena. Accordingly, this Court has jurisdiction to decide this Motion but may transfer this Motion to the issuing court, *i.e.*, the Eastern District of Texas, under Federal Rule of Civil Procedure 45(f). *Quinn Emanuel consents to transfer of the Motion to the Eastern District of Texas and requests that this motion be transferred*.

## V.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(f) allows the compliance court to "transfer a motion . . . to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  The 2013 Advisory Committee's notes for Rule 45(f) further advise that "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."

In addition, Federal Rule of Civil Procedure 45(d)(3) governs motions to quash a subpoena. It states that the compliance court "must quash or modify a subpoena" that "fails to allow a reasonable time to comply," "subjects a person to undue burden," "requires disclosure of privileged or other protected matter," or "requires . . . disclosing a trade secret or other confidential research, development, or commercial information."  In determining whether the burden imposed by a subpoena is undue, "[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Maplebear Inc. v. Uber Techs., Inc.*, 2021 WL 1845535 (N.D. Cal. Mar. 23, 2021); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) ("Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in a Rule 45 inquiry.") (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)); *Coulter v. Murrel*, 2011 WL 666894, at *3 (S.D. Cal. Feb. 14, 2011) ("non-parties deserve extra protection from the courts"); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (sanctioning party who burdened non-party).  Courts in the Fifth Circuit, the location of the court issuing the Subpoena, are in accord.  *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 813, 818 (5th Cir.

2004) (setting forth undue burden factors);[1] *Scrum All. Inc. v. Scrum, Inc.*, No. 4:20-CV-00227, 2020 WL 6559625, at *1 (E.D. Tex. Nov. 9, 2020) ("Courts give special consideration to the burden posed when subpoenas are sent to nonparties.").

Similarly, both courts in this District and the Fifth Circuit require the party issuing a subpoena directed to opposing counsel to satisfy a three-part test in determining whether it is proper: (1) no other means must exist to obtain the information, (2) the information sought must be relevant and non-privileged, ***and*** (3) the information must be crucial to preparation of the case. *Silver v. BA Sports Nutrition, LLC*, 2020 WL 6342939, at *2 (N.D. Cal. Oct. 29, 2020); *Optrics Inc. v. Barracuda Networks Inc.*, 2019 WL 5539968, at *1 (N.D. Cal. Oct. 25, 2019); *Tech Pharm. Servs., LLC v. Alixa Rx* LLC, 2017 WL 2901716, at *1 (E.D. Tex. Jan. 6, 2017) (quoting *Nguyen v. Excel Corp.*, 197 F.3d 200, 208 (5th Cir. 1999)).

Courts in this Circuit generally agree that Rule 26—limiting discovery based on the burden and proportionality of the requests and whether "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"—applies equally to Rule 45 subpoenas. *See, e.g.*, *Maplebear*, 2021 WL 1845535, at *1 ("The scope of discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b).") (citing Fed. R. Civ. P. 45 Advisory Comm.'s Note (1970)); *Coulter*, 2011 WL 666894, at *3 (quashing subpoenas in part because they "[did] not satisfy the relevancy requirements of Rule 26(b)(1)"); *Duong v. Groundhog Enters., Inc.*, No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939, at *7 (C.D. Cal. Feb. 28, 2020) (collecting cases); Fed. R. Civ. P. 26(b)(1) (scope of discovery in general),

---

[1]  "To determine whether a subpoena presents an undue burden, courts consider the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa*, 392 F.3d at 818.

26(b)(2)(C)(i) (limitation on discovery), 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b).").

## VI.   ARGUMENT

This Court should transfer this Motion to the Eastern District of Texas because non-party Quinn Emanuel, as the target of the Subpoena, consents to transfer, and transfer is in the interests of judicial economy and efficiency.  In the event the Court does not transfer the Motion, Quinn Emanuel respectfully requests that the Court quash the Subpoena because it is improper.  As discussed in more detail below, the Subpoena is directed to an improper party, requires disclosure of privileged and otherwise protected matter, is overbroad, imposes an undue burden on Quinn Emanuel, and fails to provide the statutorily required witness fee.

### A.    The Court Should Transfer This Motion to the Eastern District of Texas

Under Federal Rule of Civil Procedure 45(f), the Court should transfer non-party Quinn Emanuel's motion to quash to the Eastern District of Texas—not only because Quinn Emanuel consents to the transfer, but also because exceptional circumstances based on judicial economy and efficiency warrant the transfer.  Judge Gilstrap in the Eastern District of Texas has deep familiarity with the Asserted Patents and the underlying litigation, and can avoid the risk of inconsistent rulings.  *See, e.g.*, *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (granting transfer where "[t]he issues raised…relate to orders and discovery from the underlying…case"); *Youtoo Techs., LLC v. Twitter, Inc.*, 2017 WL 431751, at *2 (N.D. Cal. Feb. 1, 2017) (granting transfer where the dispute was "really a dispute between the parties," and because the court where the underlying case was being litigated "is better suited to decide disputes about the scope of discovery"); *In re Google LLC*, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) (granting transfer to avoid inconsistent results with the issuing court where the object of the subpoena appeared to be largely tied to dispute between the parties and "the scope of the

relevant discovery" in the underlying action).  This Court should therefore transfer this Motion to the Eastern District of Texas for resolution.

### B.    Dell's Subpoena Is Improperly Directed to Outside Counsel

In the event the Court does not transfer this Motion, the Subpoena should be quashed.  Dell is improperly attempting to obtain discovery from Quinn Emanuel, a non-party to the underlying litigation and outside counsel of Plaintiff Cloud Byte. Discovery is properly obtained directly from Cloud Byte or the third parties most closely connected to the discovery.

### i.    Quinn Emanuel, As Opposing Counsel, Is Not an Appropriate Subpoena Target

"[D]eposing counsel opposite disrupts the adversarial system, lowers the standards of the profession, adds to the already burdensome time and costs of litigation, and detracts from the quality of client representation."  *Nguyen*, 197 F.3d at 209 n.26 (quoting *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) (cleaned up).  In accordance with this philosophy, courts in this District, the Fifth Circuit, and in the Eastern District of Texas, where the underlying action is pending, routinely analyze subpoenas *ad testificandum* on opposing counsel in a three-part framework: opposing counsel may not be deposed unless the party issuing the subpoena shows that (1) no other means exist to obtain the information, (2) the information sought is relevant and non-privileged, *and* (3) the information is crucial to preparation of the case.  *Silver*, 2020 WL 6342939, at *2; *Optrics Inc.*, 2019 WL 5539968, at *1; *Tech Pharm. Servs.*, 2017 WL 2901716, at *1; *Nguyen*, 197 F.3d at 208; *see also Zhu v. Li*, 2021 WL 3910720, at *2 (N.D. Cal. Sept. 1, 2021) (applying *Shelton*/*Nguyen* factors to pre-litigation information where relevant information is not "uniquely known by [the] attorneys" sought to be deposed).  Dell's Subpoena fails on all three elements.

First, Dell cannot show that no other means exist to obtain the information. Each of Dell's Topics relates either to (1) documents and communications created by

or exchanged with Cloud Byte and therefore would be within the possession, custody, or control of Cloud Byte, a party to the underlying action, or (2) documents and communications to or from a prior owner of the Asserted Patents—*i.e.*, IP Wave or NEC—and thus may be obtained directly from those prior owners. *See Silver*, 2020 WL 6342939, at *2 (granting motion to quash subpoena directed to party's counsel because "defendant is in the process of seeking the same documents from the plaintiffs themselves" and because "defendant does not address whether it has attempted to seek the documents at issue from sources other than plaintiffs"); *see also Zhu*, 2021 WL 3910720, at *2 (denying motion to compel where issuing party did not show that party's counsel had "unique knowledge about [disputed] issue" because non-parties also may have had the information sought). For example, Topics 1–13, 15, and 23 are explicitly aimed at information regarding NEC, IP Wave, or Cloud Byte, or information within these entities' possession, custody, or control. While Topics 14 and 16–22 seek Quinn Emanuel's knowledge or awareness, they again seek information generally related to NEC, IP Wave, or Cloud Byte, over which Quinn Emanuel does not have unique knowledge.

Second, Dell cannot show that the information sought is relevant and non-privileged. *See Monster Energy Co. v. Vital Pharm., Inc.*, 2020 WL 2405295, at *13 (N.D. Cal. Mar. 10, 2020) (quashing various discovery requests directed at party's counsel because issuing party had "no[t] demonstrated relevance to [its] affirmative defenses or defense generally"; "fail[ed] to overcome the hurdle protecting privileged communications between attorneys and clients, . . . the common interest privilege, and the attorney work-product doctrine"; and because request "d[id] not seem tailored to seek or obtain relevant information"). Each of Dell's Topics seek protected material, *see infra* Section VI(C), and/or seek testimony on documents or communications that are simply not relevant, *see infra* Section VI(D)(i).

Finally, Dell cannot show that the information is crucial to preparation of its case. *See Monster Energy Co.*, 2020 WL 2405295, at *13 (quashing various

discovery requests directed at party's counsel because, even if information sought was "useful," it was not crucial to case preparation); *Serenity Invs. LLC v. Sun Hung Kai Strategic Capital Ltd.*, 2024 WL 517870, at *6 (N.D. Cal. Feb. 9, 2024) ("[F]or information to be crucial, it must have some greater importance to the action than merely being relevant."); *Davis-Lynch, Inc.*, 2009 WL 2174925, at *3 (quashing subpoena directed at party's counsel because, where the issuing party failed to show that the information sought was relevant and not privileged, the third factor was also not met). The information that Dell seeks from Quinn Emanuel is largely irrelevant to any claims or defenses in the case—let alone "crucial"—and/or can be obtained directly from another, less burdensome source (such as Cloud Byte), *see infra* Sections VI(B)(iii) and VI(D)(i). Obtaining such information from Quinn Emanuel via the Subpoena would therefore not be crucial to Dell's case preparation.

Dell's failure to satisfy any of the foregoing factors provides ample and sufficient reason to quash the Subpoena.

### ii.    The Subpoena Would Require Quinn Emanuel to Violate Client Confidentiality Obligations

There is a more fundamental problem with Dell's Subpoena: it would require Quinn Emanuel, a large law firm with thousands of clients, to reveal confidential information relating to the representation of other clients not involved in the underlying litigation between Cloud Byte and Dell. For example, the Subpoena improperly seeks documents and communications exchanged between Quinn Emanuel and "NEC and/or IP Wave." *See* Mack Decl. Ex. A, Attachment B. Because NEC was a prior firm client and is not a party to the underlying litigation, Quinn Emanuel is bound by its confidentiality obligations to its prior client. *See* ABA Model Rule 1.6 (allowing a lawyer, absent informed consent, to reveal "information relating to the representation of a client" to comply with "other law or a *court order*" but not merely a subpoena). In these specific circumstances, Quinn Emanuel has a duty to protect the client-lawyer relationship and should not be required to disclose

confidential material belonging to another firm client (past or present) absent a court order.  *See* ABA Formal Opinion 473, at 3 (Feb. 17, 2016) ("[T]he lawyer should disclose client confidential information only to the extent 'the lawyer reasonably believes necessary' **to comply with the order**.") (citing ABA Model Rule 1.6(b)(6)) (emphasis added).

### iii.    The Subpoena Topics Are Properly Directed to Cloud Byte, NEC, or IP Wave

Each of the Topics either specifically identifies information that Cloud Byte has already provided to Dell, seeks information that Cloud Byte, a party to the underlying action, could answer, or are so broad that it would be equally burdensome for Quinn Emanuel as it would be for Cloud Byte to produce a witness to testify on, as the information would need to be obtained from the prior owners of the Asserted Patents—NEC or IP Wave.

Courts in this District and others have quashed subpoenas seeking information that was "obtainable from a source more direct, convenient, and less burdensome—namely, from [a party]."  *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007); *Convolve, Inc. v. Dell, Inc.*, 2011 WL 1766486, at *2–3 (N.D. Cal. May 9, 2011) ("[N]on-parties should not be burdened in discovery to the same extent as the litigants themselves.  Requests to non-parties should be narrowly drawn to meet specific needs for information."); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637–38 (C.D. Cal. 2005) (quashing subpoena against non-party where discovery could be "more easily and inexpensively" obtained from a party to the litigation); *Burns v. Bank of Am.*, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) ("[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45].") (cleaned up).

Dell has established no reason for seeking this information from non-party Quinn Emanuel when this information would be similarly discoverable directly from

Cloud Byte, who is a party to the underlying litigation and a better source for the information sought as it relates to Cloud Byte itself and its ownership of the Asserted Patents, or from NEC or IP Wave.  *See Richards v. Lufkin Indus., LLC*, 2017 WL 11471788, at *3 (E.D. Tex. Jan. 23, 2017) (granting motion to quash subpoena *ad testificandum* where party had ample opportunity to obtain the same information from another party).

For example, Topics 1 and 2 seek testimony on documents covered by the subpoena *duces tecum*, all of which are directed to documents that would be in the possession, custody, or control of Cloud Byte, IP Wave, or NEC.  *See* Mack Decl. Ex. A, Attachment A.  Topics 3 and 4 are related to the Asserted Patents in the underlying litigation, wherein Quinn Emanuel's knowledge, to the extent it exists, would be derived from one or more of the entities in the chain of title—NEC, IP Wave, or Cloud Byte.  Topics 5–15 and 17–22 explicitly name NEC, IP Wave, and Cloud Byte and refer entirely to information that would be accessible from those entities.  Topics 16 and 23—setting aside serious relevance and discoverability issues[2]—may instead be directed to Cloud Byte or the prior owners of the Asserted Patents as current or prior holders of all rights in the Asserted Patents.  Thus, the Subpoena is improperly directed to outside counsel when it should be directed to either Cloud Byte, a party to the underlying lawsuit, or NEC or IP Wave.  The Subpoena therefore also should be quashed on this ground.

### C.    Dell's Subpoena Seeks Almost Exclusively Protected Information

Dell's Topics largely seek testimony regarding documents, communications, and other information exchanged between Quinn Emanuel or Cloud Byte, on the one

---

[2]    These topics appear to be directed to subject matter that the Eastern District of Texas has found to be irrelevant to any claim or defense in a patent infringement action like the underlying suit.  *See, e.g.*, *Fleet Connect Sols. LLC v. Waste Connections US, Inc.*, No. 2:21-CV-00365-JRG, 2022 WL 2805132, at *3 (E.D. Tex. June 29, 2022) (litigation funding is irrelevant and hence not discoverable).

hand, and NEC or IP Wave, on the other hand.  But to the extent this information even exists, all or almost all of it would be privileged or otherwise protected.

"On timely motion, the court for the district where compliance is required ***must quash*** or modify a subpoena that: … (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(iii) (emphasis added).  Here, the Topics in the Subpoena plainly seek privileged or otherwise protected information.  NEC was a prior client of Quinn Emanuel, and any responsive communications between NEC and its outside counsel would be protected as privileged and/or attorney work product.  Quinn Emanuel currently represents Plaintiff Cloud Byte in the present action, so any responsive communications would likewise be protected from discovery.

Although Quinn Emanuel has not represented IP Wave in connection with this matter, disclosure of work product to a third party does not necessarily waive the protection.  This is because disclosure of work product waives protection "only if work-product is given to adversaries or treated in a manner that substantially increases the likelihood that an adversary will come into possession of the material." *United States v. Ocwen Loan Servicing, LLC*, No. 4:12-CV-543, 2016 WL 1031157, at *5 (E.D. Tex. Mar. 15, 2016) (quoting *Ferko v. Nat'l Ass'n For Stock Car Auto Racing, Inc.*, 219 F.R.D. 396, 400 (E.D. Tex. 2003)).  The Topics in the Subpoena plainly encompass documents and communications made in anticipation of litigation, so even if such documents exchanged between Quinn Emanuel and IP Wave or NEC relating to the subject matter of the underlying litigation did exist, those too would not be discoverable.

Finally, to the extent Dell argues that any attorney-client privilege was waived with respect to documents and communications exchanged between Quinn Emanuel and Cloud Byte that were disclosed to a third party (namely NEC or IP Wave), it is wrong: such documents and communications would qualify for protection under the common interest doctrine.  *See Rodriguez v. Seabreeze Jetlev LLC*, 620 F.Supp.3d

1009, 1021–23 (N.D. Cal. 2022) (applying common interest doctrine where non-party had interest in maximizing recovery and did not have independent ability to bring suit); *see also In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 (Fed. Cir. 1996) (applying common interest doctrine between patentee and exclusive licensee).  For example, if IP Wave or NEC maintained some interest in the outcome of the underlying litigation as prior owner of the Asserted Patents, Cloud Byte, IP Wave, and NEC have a common legal interest in the validity and enforceability of the Asserted Patents.

In connection with Topics 1–2, the majority of any responsive documents that Quinn Emanuel would have pursuant to the subpoena *duces tecum* would be protected by privilege, as attorney work product, or otherwise covered by the common-interest doctrine.  This is the same for the underlying documents and communications, if any, over which testimony is sought in Topics 3–12, 14, and 19–23.  Further, Topics 13 and 15–18 relate to the underlying litigation and implicate Quinn Emanuel's role in that litigation, which implicates privilege and attorney work product.  Because any testimony that Dell seeks from Quinn Emanuel on the Topics in the Subpoena will almost exclusively implicate documents and communications that are privileged, attorney work product, subject to the common interest doctrine, or otherwise protected, this Court should quash the Subpoena.

### D.     Dell's Subpoena Imposes An Undue Burden On Non-Party Quinn Emanuel

"Courts have broad discretion to determine whether a subpoena is unduly burdensome."  *Cavanaugh v. Cty. of San Diego*, 2020 WL 8838163, at \*2 (S.D. Cal. June 18, 2020); *see also Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994).  Facially, Dell's Subpoena is unduly burdensome.  The Subpoena only serves as a "fishing expedition" to find any link between Quinn Emanuel or Cloud Byte and the prior owners of the Asserted Patents, and "state[s] no basis to subpoena counsel" on its face.  *See Tinnus Enters., LLC v. Telebrands Corp.*, 2018

WL 11351326, at *2 (E.D. Tex. Dec. 17, 2018) (quashing the "serious request" to subpoena in-house and outside counsel for undue burden).  "[F]ederal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances." *Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 (5th Cir. 1999).  Dell's Topics are also almost exclusively directed to protected subject matter, so the burden to Quinn Emanuel here clearly outweighs its "likely benefit" to Dell or the "importance of the issues at stake." Fed. R. Civ. P. 26(b)(1); *see Coulter*, 2011 WL 666894, at *3 (Rule 26(b)(1) applies to third-party subpoenas).

### i.    Dell's Subpoena Is Facially Overbroad And Seeks Irrelevant Information Not Related To The Underlying Litigation

All of Dell's Topics are overbroad on their face and impose an undue burden on Quinn Emanuel.  As an initial matter, the Topics are not time-limited and therefore overbroad on this basis alone.  *See, e.g.*, *Scrum All. Inc.*, 2020 WL 6559625, at *2 (finding a subpoena where party "did not limit the subpoena['s] requests to . . . time" to be "unduly burdensome"); *Am. Fed'n of Musicians of the U.S. & Can. v. Skodam Films, LLC*, 313 F.R.D. 39, 45 (N.D. Tex. 2015) (determining that subpoenas are facially overbroad where the "[t]he period covered by the requests is unlimited").

In addition, many if not all of the Topics are overbroad with respect to seeking information that is either irrelevant or untethered to any claims or defenses in the underlying litigation.  For example, Topics 1 and 2 seek information relating to ***each*** document Dell seeks under its subpoena *duces tecum* to Quinn Emanuel, which is generally overbroad in its requests.  *See* Mack Decl. Ex. A, Attachment A.  Topics 3, 4, and 8 ask for testimony on "[a]ny Licenses or Agreements . . . relating to the Asserted Patents" without limitation as to whether those would be relevant to any claim or defense, and fail to even describe with any particularity what agreements would "relate to" the Asserted Patents or the underlying litigation.  *Id.*  And Topics 4 and 8 are plainly engaging in a fishing expedition for testimony on the irrelevant

subject matter relating to the organization of and relationship between NEC, IP Wave, and Cloud Byte, including any litigation funding among the entities. *See supra* note 2. Topics 5–7 and 9 ask for testimony on "[a]ny Documents and Communications" between various entities, regardless of whether Quinn Emanuel may reasonably obtain such documents and communications, and generally request information on any documents or communications "relating to the Asserted Patents . . . and/or This Litigation," without identifying any pertinent relation between such information and any claim or defense in the underlying litigation. Topics 10–12 are similarly requesting "[a]ny Documents and Communications" "concerning" various analyses related to the Asserted Patents in connection to transfer of rights or licenses, whether consummated or not, and without any relevance to Dell's claims or defenses. Topics 13–18 and 23 all seek information regarding the relationship between NEC, IP Wave, and Cloud Byte, which as written are wholly irrelevant to any claim or defense in the underlying litigation. *See supra* note 2. Rather, again, Dell appears to be seeking a "fishing expedition" into a purported relationship between Cloud Byte and the prior owners of the Asserted Patents—a relationship that has no articulated legal consequence.

Courts have found that facially overbroad subpoenas "present[] an undue burden" on a non-party, especially when considering "the expense and inconvenience to the non-party." *Performance Pulsation Control, Inc. v. Sigma Drilling Techs., LLC*, 2018 WL 5636160, at *2 (E.D. Tex. Oct. 30, 2018); *see also Duong*, 2020 WL 2041939, at *8, *9 (determining that the issuing party "imposed an undue burden on [non-party] by unreasonably and in bad faith attempting to enforce his irrelevant and overbroad Subpoena"); *Scrum All.*, 2020 WL 6559625, at *1 ("Facially overbroad subpoenas include those that seek all documents concerning the parties to [the underlying] action, regardless of whether those documents relate to that action" and where "[t]he requests are not particularized") (internal citations omitted); *Wiwa*, 392 F.3d at 818 ("A court may find that a subpoena presents an undue burden when the

subpoena is facially overbroad"); *Manookian v. Mervis*, 2017 WL 3457063, at *1–2 (E.D. Tex. Aug. 11, 2017) (sustaining subpoenaed non-party's objections to overbroad document requests).   Accordingly, this Court should quash Dell's Subpoena and its facially overbroad Topics.

### ii.   Quinn Emanuel's Burden of Complying With Dell's Subpoena Outweighs Any Potential Benefit to Dell

Further, Dell's requests for testimony would require a significant burden for non-party Quinn Emanuel to educate a witness that pales in comparison to any benefit Dell might receive from such testimony.   Courts in both the Fifth and Ninth Circuits weigh "the burden to the subpoenaed party against the value of the information to the serving party."   *Moon*, 232 F.R.D. at 637; *Wiwa*, 392 F.3d at 818.   Quinn Emanuel would need to educate one or more witnesses on a broad range of Topics presumably covering the entire relationship between four entities in the chain of title for the Asserted Patents, if that were even possible.   The burden on Quinn Emanuel is thus almost if not exactly the same as the burden that would be imposed on Dell in obtaining and identifying the relevance and importance of these relationships directly from the entities themselves, and would expose Quinn Emanuel to significant expense.

Further, most of the Topics in the Subpoena are not relevant to any claim or defense in the underlying action.   Even for testimony on Topics regarding documents and communications that theoretically could be relevant to a claim or defense, to the extent any such documents and communications exist, the burden would be much less (and more appropriately placed) on the parties which originally created or authored the documents and communications, such as Cloud Byte, NEC, or IP Wave.

For example, Dell would receive little to no benefit from much of the information sought in Topics 5–9, generally asking for "Any Documents and Communications" between NEC, IP Wave, Cloud Byte, and/or Quinn Emanuel "relating to" the Asserted Patents or the underlying litigation.   The same for Topics

13, 15–18, and 23, which have little to no bearing whatsoever on the underlying litigation. The burden of educating a witness or witnesses on these Topics, and the remaining Topics, far outweighs any relevance they may have.

Dell's Subpoena should be quashed on this ground as well.

### E.     Dell Failed To Provide Quinn Emanuel Its Required Witness Fee

Dell's Subpoena also fails to provide Quinn Emanuel with the witness fee and allowance required by statute. 28 U.S.C. § 1821(b) requires that "a witness in attendance…before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section." Since Dell's Subpoena was not accompanied by the required witness fees, it is invalid. *See, e.g.*, *ARAMARK Corr. Servs., LLC v. Cty. of Cook*, 2012 WL 3792225, at *2 (D.S.D. Aug. 31, 2012) (failure to tender witness fees rendered subpoena invalid and unenforceable under Fed. R. Civ. P. 45). This is yet another independent basis for quashing the Subpoena.

## VII.   CONCLUSION

For the foregoing reasons, Quinn Emanuel respectfully requests that the Court transfer this Motion to the Eastern District of Texas pursuant to Rule 45(f); or in the alternative, quash Dell's Subpoena.

1    Dated:  February 26, 2025                    Respectfully submitted,

2                                                        _/s/ Brian E. Mack_

3                                                 Yury Kapgan (Bar No. 218366)
                                                  Ryan S. Goldstein (Bar No. 208444)
4                                                 Brian E. Mack (Bar No. 275086)
                                                  50 California Street, 22nd Floor
5                                                 San Francisco, California 94111-4788
                                                  Telephone: (415) 875-6600
6                                                 Facsimile: (415) 875-6700
                                                  yurykapgan@quinnemanuel.com
7                                                 ryangoldstein@quinnemanuel.com
                                                  brianmack@quinnemanuel.com
8
                                                  _Attorneys for Cloud Byte LLC &_
9                                                 _Quinn Emanuel Urquhart & Sullivan, LLP_

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28