QUINN EMANUEL URQUHART & SULLIVAN, LLP
Yury Kapgan (Bar No. 218366)
yurykapgan@quinnemanuel.com
Ryan S. Goldstein (Bar No. 208444)
ryangoldstein@quinnemanuel.com
Brian E. Mack (Bar No. 275086)
brianmack@quinnemanuel.com
Jonathan Tse (Bar No. 305486)
jonathantse@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Phone:       (415) 875-6600
Fax:          (415) 875-6700

*Attorneys for Quinn Emanuel Urquhart & Sullivan, LLP & Cloud Byte LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Subpoena to<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br><br>Out of District Case:<br><br>CLOUD BYTE LLC,<br><br>    Plaintiff,<br><br>    vs.<br><br>DELL INC. and DELL TECHNOLOGIES, INC.,<br><br>    Defendants. | Misc. Case No. 3:25-mc-80048-LJC<br><br>[E.D. Tex. Case No. 2:24-cv-00637-JRG]<br><br>**QUINN EMANUEL'S STATEMENT PURSUANT TO CIVIL LOCAL RULE 79-5(c)(1) AND 79(f)(3) IN RESPONSE TO DELL'S ADMINISTRATIVE MOTION (DKT. 6)**<br><br>Date: TBD<br>Time: TBD<br>Courtroom: TBD<br>Judge: Hon. Lisa J. Cisneros |

## I. INTRODUCTION

Pursuant to Civil Local Rule 79-5(c)(1) and Civil Local Rule 79-5(f)(3), Petitioner Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") by itself and on behalf of Cloud Byte LLC ("Cloud Byte") submit the following statement in response to Dell's Motion to Consider Whether Cloud Byte's And/Or Quinn Emanuel's Material Should Be Sealed (Dkt. 6) (the "Motion"), and in support of keeping sealed certain information designated by Quinn Emanuel and Cloud Byte as RESTRICTED – ATTORNEYS' EYES ONLY under the Protective Order (Dkt. 36) in the related case, *Cloud Byte LLC v. Dell Inc. et al.,* Case No. 2:24-cv-00637-JRG (E.D. Tex.) (the "Underlying Action"), or otherwise containing confidential information, and filed by Dell under seal.

## II. LEGAL STANDARD

The materials at issue are related to a non-dispositive pre-trial discovery motion, and therefore the "good cause" standard for sealing applies. *See Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-CV-02309-DMR, 2022 WL 267443, at *13 (N.D. Cal. Jan. 28, 2022) (noting that, for "court records attached only to non-dispositive motions," "[a] 'good cause' showing under Rule 26(c) will suffice") (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). Moreover, where, as here, "a court grants a protective order for information produced during discovery, it already has determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Phillips ex. Rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

## III. QUINN EMANUEL REQUESTS THE FOLLOWING DOCUMENTS AND INFORMATION REMAIN UNDER SEAL

This statement concerns the redacted portions of Dell's Brief in Opposition to Motion to Quash Out of District Subpoena, Or in the Alternative, Transfer to the Eastern District of Texas (Dkt. 6-1) (the "Opposition"), along with the supporting

declaration and exhibits thereto (Dkts. 6-2–6-9), which Dell has provisionally filed under seal. Quinn Emanuel by itself and on behalf of Cloud Byte requests that the confidential information, which Quinn Emanuel and Cloud Byte have designated as protected material that is RESTRICTED – ATTORNEYS' EYES ONLY pursuant to the Protective Order (Dkt. 36) in the related case, or otherwise containing confidential information, and which has been provisionally filed under seal, remain under seal, as summarized below:

| Dkt. No. | Document | Portions to Be Sealed | Sealing Basis |
|---|---|---|---|
| 6-1 | Dell's Brief in Opposition to Motion to Quash Out of District Subpoena, Or in the Alternative, Transfer to the Eastern District of Texas ("Opposition") | Portions highlighted in GREEN at 1:6–7, 1:10, 1:22–23, 2:11–12, 2:24–26, 3:6–7, 3:17, 3:21–22, 4:23–5:3, 6:5–6, 8:8–11, 10:10–11, 10:15–18, 10:27–28, 18:1–2 | These narrow portions of the Opposition comprise and/or reflect confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel. The public disclosure of the confidential information in the identified portions would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such disclosure would harm their competitive standing. |
| | | Portions highlighted in GREEN at 2:16–17, 3:6–7, 4:1–5, 4:7–12, 9:24–10:1, 10:8–9, 10:15–18, 12:1–2, 12:17–19, 13:15, 13:26–27 | These narrow portions of the Opposition reference confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also reflect and/or quote documents or |

-3-

| | | | |
|---|---|---|---|
| | | | information that are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. |
| | | | The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. Such disclosure would harm their competitive standing. |
| 6-2 | Torchia Decl. | Portions highlighted in GREEN at 1:25–26, 2:6–8, 2:15, 2:23 | These narrow portions of the Declaration comprise and/or reflect confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel. |
| | | | The public disclosure of the confidential information in the identified portions would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such disclosure would harm their competitive standing. |

| | | | Portions highlighted in GREEN at 1:17–19, 1:21–23 | These narrow portions of the Declaration reference confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also reflect and/or quote documents or information that are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. |
| --- | --- | --- | --- | --- |
| | | | | The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. Such disclosure would harm their competitive standing. |
| | 6-3 | Torchia Decl. Ex. 1 | Entire document | This document contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. |
| | | | | The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. |

| | | | |
|---|---|---|---|
| | | | Such disclosure would harm their competitive standing. |
| 6-4 | Torchia Decl. Ex. 2 | Entire document | This document contains and/or references confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel. <br><br> The public disclosure of this confidential information would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such disclosure would harm their competitive standing. <br><br> This document also contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. <br><br> The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its |

| | | | |
|---|---|---|---|
| | | | confidential information. Such disclosure would harm their competitive standing. |
| 6-5 | Torchia Decl. Ex. 3 | Entire document | This document contains and/or references confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel.<br><br>The public disclosure of this confidential information would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such disclosure would harm their competitive standing.<br><br>This document also contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly.<br><br>The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its |

| | | | confidential information. Such disclosure would harm their competitive standing. |
|---|---|---|---|
| 6-6 | Torchia Decl. Ex. 4 | Entire document | This document contains and/or references confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel.<br><br>The public disclosure of this confidential information would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such disclosure would harm their competitive standing.<br><br>This document also contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly.<br><br>The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its |

| | | | |
|---|---|---|---|
| | | | confidential information. Such disclosure would harm their competitive standing. |
| 6-7 | Torchia Decl. Ex. 5 | Entire document | This document is confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. <br><br>The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. Such disclosure would harm their competitive standing. |
| 6-8 | Torchia Decl. Ex. 6 | Entire document | This document contains and/or references confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel. <br><br>The public disclosure of this confidential information would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such |

| | | | |
|---|---|---|---|
| | | | disclosure would harm their competitive standing. |
| | | | This document also contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly. |
| | | | The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. Such disclosure would harm their competitive standing. |
| 6-9 | Torchia Decl. Ex. 8 | Entire document | This document contains and/or references confidential information held by Quinn Emanuel, including confidential business information and/or non-public licensing information relating to a non-party client of Quinn Emanuel. |
| | | | The public disclosure of this confidential information would prejudice and cause harm to Quinn Emanuel and Quinn Emanuel's third-party client. If such information was made public, competitors of Quinn Emanuel's third-party client would gain access to Quinn Emanuel's and its third-party client's confidential information, including their litigation strategies. Such |

| | | | |
|---|---|---|---|
| | | | disclosure would harm their competitive standing.<br><br>This document also contains and/or references confidential information relating to Cloud Byte's sensitive financial information and/or non-public licensing information. They also are protected material and designated as "RESTRICTED – ATTORNEYS' EYES ONLY" under the Protective Order (Dkt. 36) in the Underlying Action, which are not shared publicly.<br><br>The public disclosure of such information would harm Cloud Byte's competitive position. If such information was made public, competitors of Cloud Byte would gain access to its confidential information. Such disclosure would harm their competitive standing. |

As described in the accompanying Declaration of Brian Mack, Attorney for Quinn Emanuel ("Mack Decl."), the redacted portions of this Opposition that Quinn Emanuel and Cloud Byte seek to maintain under seal reflect (1) sensitive financial information regarding Cloud Byte's non-public assignment agreement with IP Wave; (2) internal, non-public licensing information regarding the Asserted Patents; and (3) confidential information held by Quinn Emanuel on behalf of a client not a party in the Underlying Action.  Mack Decl. ¶¶ 4–6.

Cloud Byte is a privately held company and the information identified above is not publicly available.  *Id.* ¶¶ 5–6.  The public disclosure of the sensitive business information regarding the financial details of its assignment agreement with IP Wave and its strategic position regarding licensing would harm Cloud Byte.  *Id.*; *Uniloc 2017 LLC v. Google LLC*, 508 F. Supp. 3d 556, 575 (N.D. Cal. 2020), *rev'd and rem'd on other grounds*, (Fed. Cir. 2022) (allowing patentee to "seal portions of two exhibits

that identify third-party licensees and the amounts they paid for each license…as materials that may be used to harass or harm a party's competitive standing"). Further, Quinn Emanuel disclosed it may have obtained certain material during the representation of another client which is also that client's confidential material. Mack Decl. ¶¶ 5–6. The public disclosure of the sensitive business information regarding the details of the client's agreements with other entities in the chain of title of the Asserted Patents, and even the existence of documents containing this information, would harm Quinn Emanuel's client. There is therefore good cause for the Court to keep these redacted portions under seal because they reflect confidential information regarding the companies' business and financial information, and there is no less restrictive alternative for protecting such information from disclosure. *See, e.g.*, *California Spine & Neurosurgery Inst. v. United Healthcare Ins. Co.*, No. 19- CV-02417-LHK, 2021 WL 1146216, at *2 (N.D. Cal. Feb. 12, 2021) ("[S]ealing may be justified to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'") (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Herb Hallman Chevrolet, Inc. v. Gen. Motors LLC*, No. 3:22-CV-00447-MMD-CLB, 2024 WL 3160746, at *11 (D. Nev. June 24, 2024) (granting motion to seal information containing company's proprietary business practices); *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. C 10-3724 CW, 2014 WL 7387206, at *1 (N.D. Cal. Dec. 19, 2014) (granting motion to seal references to "confidential customer lists, business practices and testing procedures").

      The request to seal is narrowly tailored because it is limited to the portions—including specific lines or portions of lines of the Opposition—that reflect Cloud Byte's and Quinn Emanuel's client's confidential business information, including the financial details of Cloud Byte's confidential agreement with IP Wave and licensing information, and confidential client documents of which Quinn Emanuel may have come into possession. Mack Decl. ¶ 6. Where entire documents are marked as sealed,

there is no substantive portion of the document that is not protected on the bases articulated above. *Id.* There is no less restrictive alternative for protecting such information from disclosure.

## IV.  CONCLUSION

For the foregoing reasons, Quinn Emanuel, by itself and on behalf of Cloud Byte, respectfully request that the materials provisionally filed under seal by Dell as identified in Section III remain under seal.

DATED: March 19, 2025              QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/* Brian E. Mack
Brian E. Mack

Attorneys for Quinn Emanuel Urquhart & Sullivan, LLP and Cloud Byte LLC